|                                    |   |                              |
|------------------------------------|---|------------------------------|
| UNITED STATES DISTRICT COURT       |   | EASTERN DISTRICT OF TEXAS    |

MICHAEL ANTHONY VICTORIA,    §
                             §
    Petitioner,         §
                             §
*versus*                     §  CIVIL ACTION NO. 1:19-CV-470
                             §
UNITED STATES OF AMERICA,    §
                             §
    Respondent.         §

## MEMORANDUM OPINION AND ORDER

Movant, Michael Anthony Victoria, a prisoner currently confined at FCC Terre Haute, proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## FACTUAL & PROCEDURAL BACKGROUND

On July 6, 2017, a Federal Grand Jury for the Eastern District of Texas, Beaumont Division, returned a two-count Indictment against movant, charging the following:

> Count 1 - Felon in Possession of a Firearm on or about December 10, 2016, in violation of 18 U.S.C. § 922(g)(1).
>
> Count 2 - Felon in Possession of Ammunition on or about December 10, 2016, in violation of 18 U.S.C. § 922(g)(1).

*United States v. Victoria*, 1:17-CR-91, PSR, pg. 3 (docket entry no. 42).

Movant entered a guilty plea before United States Magistrate Judge Zack Hawthorn on November 9, 2017. Pursuant to a written, non-binding Plea Agreement, movant pleaded guilty to Count 1 of the Indictment. The parties agreed to the following factors that would affect his sentence:

Case 1:19-cv-00470-MAC-ZJH   Document 9   Filed 09/08/20   Page 2 of 6 PageID #: 35

- As the defendant is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e), the guidelines applicable for an Armed Career Offender, pursuant to USSG § 4B1.4(a) and (b), apply.

- The offense level applicable for the defendant, pursuant to USSG § 4B1.4(b)(3)(B) is 33.

- A reduction of three levels for acceptance of responsibility under USSG § 3E1.1 applies; however, this stipulation is subject to recommendation of the United States Probation Office. If circumstances indicating that the defendant has not accepted responsibility become known after the execution of this agreement, this stipulation is void and the defendant may object to the failure of the presentence report to recommend the reduction.

- Other specific offense characteristics or guideline adjustments may apply.

- The defendant agrees to forfeit one Smith and Wesson, Model SW40VE, .40 caliber semi-automatic handgun, bearing serial number DV21943 and 13 rounds of CCI Brand, .40 caliber ammunition.

*Id.*, pg. 3. After accepting the findings of fact and recommendations made by the Magistrate Judge, the District Court deferred acceptance of the Plea Agreement until a review of the Presentence Report. *Id.*

The Final Presentence Investigation Report was filed on March 7, 2018. *Id.* (docket entry no. 42). The Sentencing Hearing was held on March 21, 2018. *Id.* (docket entry no. 44). The District Court ultimately sentenced movant to a term of 210 months of imprisonment on Count One, to be followed by 5 years' supervised release, and a $100 special assessment. *Id.* Count Two was dismissed on the Government's motion. *Id.* The Judgment was entered on the same day. *Id.* (docket entry no. 45).

Movant did not file a Notice of Appeal. Movant filed the above-referenced motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on October 4, 2019.

## THE MOTION & RESPONSE

Movant alleges four points of error:

1. His counsel was ineffective as he was not present during the pre-sentencing report interview. Movant states he had a right to have counsel present during the interview and had a right to request his presence at that interview.

2. Movant contends he was not a felon in possession of a firearm as the robbery charge was dismissed by the state. Movant states he did not commit a crime of violence and there was no basis for this adjustment in the PSR.

3. Movant also alleges the PSR failed to recognize the stipulation between himself and the Government found in Paragraph 5, page 3 of the Plea Agreement. Movant states the plea agreement was contractual in nature and such a promise should have been fulfilled.

4. Movant states the § 922(g) "charge" was not in connection with a crime of violence and denies being sentenced with a crime of violence. Petitioner states he has one violent prior conviction "by law."

The Government was ordered to Answer on October 7, 2019 (docket entry no. 2) and filed a Motion to Dismiss on November 26, 2019 (docket entry no. 4). The Government argues the motion to vacate, set aside, or correct sentence is barred by the statute of limitations or, alternatively, is without merit (docket entry no. 4).

## ANALYSIS

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *See* 28 U.S.C. § 2255(f). The limitations period runs from the latest of four dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

>(3) the date on which the right asserted as initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, movant's conviction became final on April 4, 2018. *See United States v. Plascencia*, 537 F.3d 385, 387 (5th Cir. 2008) (concluding that a federal defendant's "conviction became final when the time expired to file a timely notice of appeal on direct review"); *see also* FED. R. APP. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . the entry of either the judgment or the order being appealed; or . . . (ii) the filing of the government's notice of appeal."). Movant then had one year from that date to file his § 2255 motion, making his § 2255 motion due April 3, 2019. Movant, however, did not file his § 2255 motion until October 4, 2019, approximately six months too late. Additionally, movant does not raise any argument that there was an impediment to his filing under § 2255(f)(2) nor does he assert a new right recognized by the Supreme Court or that there are newly discovered facts under § 2255(f)(3) & (4).

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1195)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary

way from asserting his rights." *See Coleman v. Johnson*, 84 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). The Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursing his rights diligently and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 648 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher,* 174 F.3d at 713.

Movant does not assert a basis for equitable tolling. When asked about the timeliness of his motion, movant merely talked about how he had changed, his desire to be granted another chance, and that he had received no help from anyone within USP Beaumont in preparing his § 2255 motion. Movant has not demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from filing this § 2255 motion so as to warrant equitable tolling.

## CERTIFICATE OF APPEALABILITY

Furthermore, the court is of the opinion movant is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the movant to make a substantial showing of the denial

of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the movant need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, movant has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the movant has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

## ORDER

For the foregoing reasons, this motion to vacate, set aside or correct sentenced filed pursuant to 28 U.S.C. § 2255 is **DENIED** as barred by the applicable statute of limitations. A certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 8th day of September, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE